UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERICE D. GRADY,

                Plaintiff,

v.                                                  Case No. 24-C-1544

WILLIAM BLACKBURN,

                Defendant.

## DECISION AND ORDER

Plaintiff Erice Grady, who is incarcerated at Green Bay Correctional Institution and representing himself, is proceeding on an Eighth Amendment deliberate indifference claim against Defendant William Blackburn—the Food Service Administrator—based on allegations that Blackburn failed to make sure Grady received meal trays without food containing peanuts. Defendant moved for summary judgment on October 14, 2025. Dkt. No. 15. In a notice and order, the Court reminded Grady that under Civil L. R. 56(b)(2) his response materials were due by November 13, 2025. Dkt. No. 21. The Court warned Grady that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendant as undisputed, which would likely result in summary judgment being granted in Defendant's favor and the case being dismissed. The deadline has passed, and Grady did not respond to Defendant's summary judgment motion.

The Court has reviewed Defendant's motion, brief in support, supporting exhibits, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendant is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the undisputed facts, the Court finds that no

jury could reasonably conclude that Grady's low-grade allergy to peanuts, which has never resulted in a severe reaction requiring medical intervention, is an objectively serious medical condition. *See Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997) (holding that not "every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim"). Moreover, given that Defendant responded to Grady's complaints by adjusting staffing in the kitchen, revising policies for meal trays, and/or instituting other corrective measures, no jury could reasonably conclude that Defendant was deliberately indifferent to Grady's peanut allergy. *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994) ("prison officials who act reasonably" in response to a risk cannot be found liable even if the harm is not ultimately averted). Finally, Grady cannot prevail on his claim because he never ate the peanut-containing food items that were served to him, and therefore he never suffered any harm. *See Roe v. Elyea*, 631 F.3d 843, 846 (7th Cir. 2011) ("In order to succeed in a § 1983 suit, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation caused the plaintiff injury or damages."). For these reasons, Defendant is entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment (Dkt. No. 15) is **GRANTED** and this case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 1st day of December, 2025.

_William C. Griesbach_
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.